# EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

Filed and Attested by the Office of Judicial Records 24 SEP 2024 11:55 pm C. SMITH

Sergei Kovalev
5305 Oxford Avenue
Philadelphia, PA 19124
215-839-9562

| | |
|---|---|
| SERGEI KOVALEV, Plaintiff, | CIVIL ACTION |
| v. | AUGUST TERM, 2024 |
| STEVEN A. WAKEFIELD | No. 01175 |
| and DOES 1-5, Defendants. | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

Filed and Attested by the
Office of Judicial Records
24 SEP 2024 11:55 pm
C. SMITH

Sergei Kovalev
5305 Oxford Avenue
Philadelphia, PA 19124
215-839-9562

| | |
|---|---|
| SERGEI KOVALEV, Plaintiff, | CIVIL ACTION |
| v. | AUGUST TERM, 2024 |
| STEVEN A. WAKEFIELD | No. 01175 |
| and DOES 1-5, Defendants. | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff, Sergei Kovalev, brings this legal action and seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, litigation costs and attorneys' fees, and all other available remedies against the involved parties and alleges as follows.

2. Defendant Steven A. Wakefield was employed by the City of Philadelphia (the "City") as a Deputy City Solicitor for the Philadelphia Law Department.

3. However, Defendant Wakefield was using his official position to perform the acts outside of his employment duties, including, but not limited to willful misconduct and for illegal ulterior purposes intended to oppress, harass, inflict injuries, abuse, and to intimidate taxpayers of the City of Philadelphia.

4. Upon information and belief, abuses, harassment, and intimidation of taxpayers by employees of the City of Philadelphia are not the acts that can be considered as permitted or within the scope of employees' duties in the Philadelphia Law Department.

5. Defendant Wakefield participates in constant increase of real estate taxes; and he is

the person who orchestrates exaggerated/fake property value appraisals from specially designated appraisers working almost exclusively for the City's benefits, with an intent to prevail during property appeals based on the bogus property valuations.

## PARTIES

6. Plaintiff Sergei Kovalev is an adult individual, a citizen of the United States and a resident of the City of Philadelphia in the State of Pennsylvania.

7. Defendant Steven A. Wakefield is employed by the City of Philadelphia as a Deputy City Solicitor for the Philadelphia Law Department.

8. Defendant Steven A. Wakefield is being sued in his individual capacity.

9. The true names and capacities of additional Defendants named herein as Does 1-5 (persons, companies, corporations, participants and associates) are not fully established at present time and Plaintiff therefore sues them under fictitious name. Plaintiff will amend his Complaint when true names and capacities of additional Does would become known.

## JURISDICTION AND VENUE

10. Pennsylvania State Courts have jurisdiction over this legal action and all parties pursuant to 42 Pa. C.S. § 931 (original jurisdiction and venue), § 5301 (relationship with this Commonwealth constituting a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction), § 5308 (minimum contacts).

11. Plaintiff is a resident of the City of Philadelphia and a citizen of the State of Pennsylvania.

12. Defendant Wakefield is conducting his business and employment in the State of Pennsylvania, and is located in the City of Philadelphia.

13. Venue is proper in the Philadelphia County of Pennsylvania under 42 Pa. C.S.

§ 931 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the City of Philadelphia and in the State of Pennsylvania.

14. Defendant continuously maintained business and employment presence in the State of Pennsylvania and in the City of Philadelphia, and had systematic contacts with Pennsylvania and the City of Philadelphia.

15. Defendant subjected himself to personal and general jurisdiction of the Pennsylvania state courts; therefore, rendering the exercise of jurisdiction by this Court is proper and necessary.

## FACTUAL BACKGROUND

16. Due to the fact that Defendant Steven A. Wakefield is employed by the City of Philadelphia as a Deputy City Solicitor for the Philadelphia Law Department's real estate valuation appeals unit, Plaintiff was subjected to the regular contacts with Defendant Wakefield, every time when Plaintiff would disagree and appeal the City's property valuation.

17. For the last few years, Defendant Wakefield is constantly attaching himself to every property valuation appeal that is involving Plaintiff.

18. Unlike regular attorneys that can be discharged upon client's desire, Plaintiff cannot discharge the said Defendant Wakefield because Wakefield is the City's employee and is enabled to continue his abhorrent activities unpunished for many years.

19. As provided in 42 Pa. Cons. Stat. Ann. § 8550 and despite the fact that Defendant Wakefield was a municipal employee, in any action against an employee thereof for damages on account of an injury caused by the act of the employee in which the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

20. Defendant Wakefield was using his official position to perform the acts that were outside of his employment duties, including, but not limited to willful misconduct and for illegal ulterior purposes intended to oppress, harass, inflict injuries, abuse, and to intimidate taxpayers of the City of Philadelphia.

21. The City of Philadelphia has no rules or regulations that would permit abuses, harassment, and intimidation of taxpayers by employees of the City of Philadelphia; and such abuses are not the acts that would be officially permitted or be within the scope of employees' duties and obligations.

22. As provided in this Complaint, Defendant Wakefield has caused Plaintiff the injury and an injury caused by Defendant Wakefield constituted a crime, actual fraud, actual malice, and willful misconduct, as provided by 42 Pa.C.S. § 8550.

23. In this case, Defendant Wakefield was acting outside of the scope of his office or duties.

24. The described appalling acts of defamation, oppression, fraud, harassment, willful misconduct, and abuse of power were not a part of Defendant Wakefield's employment duties and he was acting on his personal accord outside of his duties, and outside of any form of litigation.

25. As the Supreme Court of Pennsylvania determined,[1] willful misconduct is defined as synonymous with "intentional tort."[2] An employee's immunity does not extend to acts that are crimes, actual fraud, actual malice, or willful misconduct.[3]

26. Willful misconduct, for the purposes of tort law, has a meaning of conduct whereby

---

[1] *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994)

[2] *King v. Breach*, 115 Pa.Commonwealth Ct. 355, 540 A.2d 976 (1988); W. Prosser, Handbook of The Law of Torts, 31 (4th ed. 1971)

[3] 42 Pa.C.S.A. § 8550

the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.[4]

27. In an effort to avoid protracted multi-year litigations, it is a common approach for parties to attempt resolution of the taxation dispute through mutual negotiations between the City and aggrieved taxpayers.

28. However, when an appeal is officially filed, only the attorneys working for the Philadelphia Law Department's real estate valuation appeals unit can act as middlemen between taxpayers and the City.

29. On August 9, 2022, Plaintiff, through email, asked Defendant Wakefield if the City would agree to some mutually acceptable reduction of the property valuation used for the City's taxation, so the disputed matter can be resolved.

30. In response, the City's attorney, Defendant Steven A. Wakefield, insulted, denigrated, defamed, and humiliated Plaintiff openly and in writing (where such extremely offensive and defamatory writing was distributed also to other persons), by responding to Plaintiff on August 9, 2022 that "*The City does not negotiate with terrorists…*" Plaintiff preserved the evidence of such Defendant's fraudulent and extremely defamatory writings attached as Exhibit A.

31. The written words used by Defendant Wakefield were false, extremely offensive and utmost derogatory. Defendant Wakefield, who receives his salary and all attached benefits exclusively from the monies paid by the City's taxpayers, is treating all taxpayers who would disagree with property valuations, as "terrorists."

32. Defendant Wakefield maliciously made the statements that were false, inaccurate, unfounded, and caused severe injury and damage to Plaintiff who became very distressed,

---

[4] *Evans v. Philadelphia Transportation Company*, 418 Pa. 567, 212 A.2d 440 (1965)

sickened, humiliated, and hurt by Defendant Wakefield's injurious, false and fraudulent allegations.

33. Defendant Steven A. Wakefield did not stop his verbal sickening and defamatory assaults against Mr. Kovalev; and during the next year appeal, on December 27, 2023, at about 10:31 A.M., Defendant Wakefield sent a written and totally falsified correspondence to a third party property appraiser (Mr. J. Pitts), where Defendant Wakefield was falsely accusing Mr. Kovalev of something that never happened; and was again using utmost derogatory and insulting language by stating falsely, in defamatory manner, and in writing that allegedly, *"Mr. Kovalev is refusing to coordinate with you directly, because he is a child."* See Exhibit B.

34. First, it was false that Mr. Kovalev was refusing to coordinate events with any property appraiser.

35. Second, Mr. Kovalev is a mature, well-experienced, well-educated, and law-abiding citizen, who possesses the highest educational degree, and obviously not some sort of a "child," as it was falsely communicated in writing by Defendant Wakefield to a third party.

36. It was obvious that Defendant Wakefield's intentions were not only to assault, insult, injure, and defame Plaintiff, Wakefield's behavior was also clearly demonstrating that this Defendant was intending to defraud Plaintiff by intentionally antagonizing a third party property appraiser, so such appraiser would harm Plaintiff by overvaluing the property for taxation purposes; that would result in additional financial injury in form of the increased taxation.

37. It appears that the first property appraiser (the third party) was offended by Defendant Wakefield's outrageous behavior, and the first property appraiser refused to deal with Defendant Wakefield.

38. Later, on the same day, December 27, 2023, at about 10:38 A.M., Defendant Wakefield sent another written and totally falsified correspondence to another third party property

appraiser (Mr. Raja Waran), where Defendant Wakefield was again falsely accusing Mr. Kovalev of something that never happened; and was again using utmost derogatory and insulting language by stating falsely and in writing, *"Also the owner is being a dick. Its sergei kovalev if you remember him."* See Exhibit C.

39. A few minutes later, on the same day, December 27, 2023, at about 11:00 A.M., Defendant Wakefield sent another written and totally falsified correspondence to a third party property appraiser (Mr. Raja Waran), where Defendant Wakefield was again falsely accusing Mr. Kovalev of something that never happened and Wakefield was again using utmost derogatory and insulting language by stating falsely and in writing that, *"He won't speak to you because he is an infant."* See Exhibit D.

40. It appears that in the matter of a few minutes of appalling attacks orchestrated by Defendant Wakefield, Plaintiff (a mature individual who possesses the highest educational degree) was moved into a different level of Defendant's derogatory and defamatory insults, as from being a "dick" and a "child" to being an "infant."

41. As before, first, everything written by Defendant Wakefield was false because Plaintiff was never refusing to coordinate events with any property appraiser; and as a mature, well-experienced, and law-abiding citizen, it is obvious that Plaintiff is not some sort of a "child, or an "infant," or "dick" as it was falsely and outrageously communicated in writing by Defendant Wakefield to the third parties.

42. Plaintiff was receiving copies of Defendant Wakefield's outrageous derogatory communications made to the third parties.

43. As in the case with previous property appraiser, it was obvious that Defendant Wakefield was continuing his intentions not only to abuse, insult, injure, and defame Plaintiff, Defendant Wakefield's behavior was also clearly demonstrating that this Defendant was intending

to defraud Plaintiff when Defendant Wakefield was intentionally antagonizing the third party property appraiser (second appraiser, Raja Waran) by falsely claiming that, allegedly, Plaintiff is refusing to talk with the appraiser and by using other the most derogatory insults against Plaintiff, so the appraiser would harm Plaintiff by overvaluing the property for taxation purposes that would result in additional financial injury to Plaintiff in form of the increased taxation. Plaintiff preserved the evidence of such Defendant's false and defamatory writings.

44. As a direct, proximate, and legal result of outrageous acts performed by Defendant Wakefield, Plaintiff has suffered and continues to suffer from injuries, harms and damages.

45. Since the described incidents, Plaintiff has been struggling to overcome the aforementioned injuries on his own, but without any success.

46. Defendant inflicted to Plaintiff injury, psychological and related trauma and physical sickness with associated physical manifestations, severe psychological and emotional distress, including but not limited to unease and fear of City's employees, severe distress in any interaction with City's employees, intense distress at the time of encountering City's employees or at the time of being involved with any affairs related to the City of Philadelphia, spasms, headaches, hyperventilation, shortness of breath, sleepless nights, nightmares, stress and anxiety, physical and psychological pain, post-traumatic stress disorder, and multiple other physical symptoms, all caused by Defendant's conduct.

47. Plaintiff was harmed by Defendant's outrageous, callous, willful, wanton, reckless, and grossly negligent conduct, and in addition to all involved damages, has a case for punitive damages.

48. Punitive damages can be awarded for Defendant's conduct that, as this case demonstrates, was outrageous because of Defendant's wantonness and reckless indifference to the rights of Plaintiff and other people that can be affected in a similar way.

49. Defendant was or should be aware of the harm that may be caused to Mr. Kovalev and to other people, and did not try to avoid or prevent the harm. The degree of reprehensibility of Defendant's conduct was sufficiently high.

50. Punitive damages are requested in this case not only because Defendant committed a tort but punitive damages are requested because in addition to torts, this case clearly demonstrates willful, malicious, wanton, and reckless conduct.

51. The purpose of punitive damages is to punish outrageous and egregious conduct done in a reckless disregard of another's rights, to serve as deterrence and punishment function; and under the law of this Commonwealth, punitive damages can be awarded when Defendants' conduct was malicious, wanton, willful, or exhibited a reckless indifference to the rights of Plaintiff.

52. Therefore, Plaintiff is entitled to recover all damages from involved Defendants, including punitive damages.

## CAUSES OF LEGAL ACTION

### COUNT I
### Abuse of Process

53. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

54. As alleged, Defendant Wakefield (1) used a legal process (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to Plaintiff.

55. As described, the appalling acts of defamation, oppression, fraud, harassment, and abuse were not a legitimate part of Defendant Wakefield's litigation activities and outside of any form of legal action.

56. As described in this Complaint, Defendant Wakefield was using legal process in perverted manner to accomplish an ulterior purpose for which it was not designed.

57. Defendant Wakefield's acts of defamation, oppression, fraud, harassment, and abuse were not authorized by the process and aimed at an objective not legitimate in the use of the legal process.

58. Defendant Wakefield was abusing the legal process by using it as a tactical weapon to coerce a desired result that is not the legitimate object of the process.

59. Defendant used civil process for illegitimate purpose and Defendant lacked any cause for defamation, oppression, fraud, harassment, and abuse inflicted against Plaintiff. Such conduct constitutes definite acts that are not authorized by the process.

60. Defendant Wakefield is liable to Plaintiff for all damages allowed under the law, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

**COUNT II**

**Defamation, Defamation Per Se, and Defamation by Implication**

61. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

62. Pennsylvania law recognizes the concept and a cause of action for defamation encompassing the term for spoken, written, or published communication of a false assertion of fact to a third-party, which subsequently causes injury or damage to another person's reputation and good standing in the community.

63. Under Pennsylvania defamation law, a communication is considered defamatory if it tends to harm the reputation of the complaining party as to lower him in the estimation of the community.

64. Pennsylvania law also recognizes the concept of defamation per se, where defamation per se is a legal doctrine and principle which deems statements and/or acts so inherently damaging and inflammatory, that Plaintiff has no need to show damages. Specifically, Pennsylvania defamation law considers words that on their face and without the aid of extrinsic evidence are recognized as injurious can be actionable per se.

65. Moreover, Defendant Wakefield had no need to explicitly communicate defamatory statements in the context of ordinary speech and writings when such writings and spoken words, gestures and acts are ultimately leading to the legal doctrine of defamation by implication. Under Pennsylvania defamation law, defamation by implication occurs when the facts in their context imply a falsehood, including wrongdoing.

66. In this case, Defendant Wakefield acted with malice and outside of the scope of how a reasonable person in similar circumstances would otherwise act.

67. As described in this Complaint, Defendant defamed Plaintiff and lowered his

standing in the community.

68. Defendant in intentional and in defamatory manner assaulted, defamed, abused, profiled, humiliated, and discriminated against Plaintiff, as described.

69. In the course of Defendant's outrageous and illegal conduct described herein, Plaintiff did absolutely nothing wrong and none of Defendant's false defamatory writings can be justified.

70. Plaintiff's standing as a law-abiding person was reduced and Defendant's defamatory statements were communicated in writing to numerous third parties; where such defamation was clearly communicated and it was also clearly applied to Plaintiff.

71. As a direct and proximate result of Defendant's defamatory conduct, Plaintiff suffered and continues to suffer from injuries, harms and losses that were inflicted by Defendant.

72. Plaintiff has been severely traumatized, suffered and continues to suffer from personal physical sickness and mental anguish therefrom; severe emotional distress and psychological trauma, grief, extreme humiliation, embarrassment, apprehension, alienation, headaches, shortness of breath, frequent and recurring nightmares, sleepless nights, stress and anxiety, spasms, and physical and psychological pain, post-traumatic stress disorder, loss of enjoyment of life, reduced quality of life, and many other harms and damages, as described.

73. By virtue of Defendant's defamatory actions, extreme recklessness and deliberate ignorance of the consequence of defamatory actions that included defamation, defamation per se, and defamation by implication, Defendant is liable to Plaintiff for all damages allowed under the law, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish;

compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

**COUNT III**

**Pennsylvania Civil Rights Violations - Violation of 42 Pa. C.S. § 8309**

74. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

75. 42 Pa. C.S. § 8309 (Civil rights violations) provides:

> (a) Redress for personal injury.--A person who incurs injury to his person … as a result of conduct described in 18 Pa. C.S. § 2710 (relating to ethnic intimidation) … shall have a right of action against the actor for injunction, damages or other appropriate civil or equitable relief. … The plaintiff may seek recovery for any of the following:
> (1) General and special damages, including damages for emotional distress. Damages under this paragraph shall be actual damages or $500, whichever is greater.
> (2) Punitive damages.
> (3) Reasonable attorney fees and costs.
> (4) Injunctive and other equitable relief.
> (5) Such other relief which the court deems necessary and proper.

76. The described discrimination and bias against Plaintiff, as is so intolerable that it is a criminal matter (however, this is a civil claim based on tort) pursuant to Pennsylvania Code, where 18 Pa. C.S. § 2710 provides:

> § 2710. Ethnic intimidation.
> Offense defined.--A person commits the offense of ethnic intimidation if, with malicious intention toward the race, color, religion or national origin of another individual or group of individuals, he commits an offense under any other provision of this article…

77. As described in this Complaint, at the relevant time Plaintiff was subjected to the described horrendous abuses and mistreatment because by speaking with the accent, he was

perceived as different from the described Defendant.

78. Defendant Wakefield demonstrated malicious intention toward Plaintiff's ethnicity, and national origin (and possibly race and color); and in such way, this Defendant committed the conduct prohibited by Pennsylvania law.

79. Defendant's conduct constitutes both disparate treatment and disparate impact in deliberate and substantial disregard of Plaintiff's rights.

80. Upon information and belief, Defendant Wakefield intentionally denied Plaintiff the same rights that afforded to other citizens.

81. Upon information and belief, Defendant was motivated by extreme hostility and animus against the people that are perceived to be different based on ethnicity and national origin (such as Plaintiff speaking with accent); and Defendant harassed, abused, and intimidated Plaintiff on this basis.

82. Based on all allegations presented in this Complaint, Defendant was involved in ethnic intimidation with malicious intention toward Plaintiff's race and/or national origin.

83. Defendant violated Plaintiff's civil rights as provided by 42 Pa. C.S. § 8309.

84. As an actual and proximate cause of such extreme and outrageous Defendant's conduct without due care or common decency, Plaintiff has been severely traumatized, suffered and continues to suffer from injuries, mental anguish, humiliation, apprehension, severe and extreme emotional distress, grief, mental anguish, alienation, humiliation, fear, loss of enjoyment of life, injury to his dignity, injury to his health, and many other described harms and damages.

85. Since the incident in question, Plaintiff has been struggling to overcome the aforementioned injuries on his own, but without any success.

86. As a direct, proximate, and legal result of outrageous acts performed by Defendant, Plaintiff has suffered and continues to suffer from harm and damages, and therefore is entitled to

recover all damages from Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

**COUNT IV**
**Ordinary Negligence**

87. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

88. As described in this Complaint, Defendant Wakefield performed the acts that are classified as negligence.

89. Defendant owed a legal duty of care to Plaintiff under the circumstances and there was an existence of a duty and obligation recognized by law, requiring Defendant to conform to a certain standard of conduct, including but not limited to compliance with all laws and regulations and to exercise reasonable care.

90. Defendant breached a legal duty to act in a reasonable way and Defendant failed to exercise a reasonable care. Defendant failed to uphold the established duty of care for the situation and Defendant failed to act in a reasonable way to avoid reckless behavior that could be

reasonably expected to cause harm and injuries to Plaintiff.

91. Defendant's breach of required duties and obligations caused the harm, injuries, damages and actual losses inflicted to Plaintiff.

92. Defendant Wakefield was negligent in at least some of the following ways:

(a) Negligent failing to perform duties and obligations;
(b) Negligent disregard of duties;
(c) Negligent failure to follow proper procedures;
(d) Negligent failure to create, adopt and enforce adequate rules and policies;
(e) Negligent failure to ensure quality care in disposing his duties;
(f) Negligent failure to uphold the proper standard of care owed;
(g) Negligent violation of laws and relevant regulations;
(h) Negligent failure to act as reasonably prudent under the circumstances;
(i) Otherwise being negligent according to law.

93. Defendant Wakefield knew or should know that his negligence would be a substantial factor in bringing harm and injuries to Plaintiff, but Defendant failed to follow any appropriate standards for the circumstances.

94. Under Pennsylvania law, Defendant was negligent. As described in this Complaint, Defendant performed the acts that are representing negligence:

(a) Defendant owed to Plaintiff a legal duty of care and a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct and act in a reasonable way under the circumstances;

(b) Defendant failed to conform to the required standard and breached such legal duties;

(c) There was a causal connection between the Defendant's conduct and the resulting injury. Plaintiff sustained actual losses and injuries;

(d) Defendant's breach of legal duties was the direct and proximate cause of Plaintiff's injuries and damages. Defendant created such actual losses and damages affecting the interests of Plaintiff.

95. As a direct and proximate result of Defendant's conduct, actions, or inactions,

Plaintiff suffered and continues to suffer from injuries, harms and losses that were directly inflicted by Defendant.

96. Since the incident in question, Plaintiff has been struggling to overcome the aforementioned injuries on his own, but without any success.

97. By virtue of Defendants' negligence, Defendants are liable to Plaintiff for all damages allowed under the law, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

## COUNT V
## Negligence Per Se

98. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

99. As presented in this Complaint, Defendant Wakefield owed a duty to Plaintiff, Defendant breached that duty; and breach of duty caused the harm, injuries, actual losses or damages, as described.

100. The State of Pennsylvania recognizes that a violation of law, statute, or ordinance is negligence per se.[5]

101. In this State, the Supreme Court of Pennsylvania regularly held that violation of statute or regulations constitutes negligence per se.[6]

102. A claim based upon negligence per se is not a private cause of action for violation of statute, but rather Defendants' breach of the standard of care that was also violated because of statutory violations, conveys an actionable tort duty; and therefore, Defendants should be held liable for negligence per se.

103. The doctrine of per se liability establishes by reference a statutory scheme for the standard of care appropriate to the underlying tort. Here, the statutes and laws that Defendant has violated were establishing the necessary standard of care.

104. The statutes or regulations violated by Defendant were clearly applicable to the conduct of Defendant and Defendant violated the described statutes or regulations, where the laws were intended to protect the interests of a group of which Plaintiff is a member.[7]

105. The regulations and laws that Defendant in this case violated were at least in part implemented to protect the interest of a group of individuals. In this case, such a group of individuals was represented by citizens appealing the excessive taxation. It is obvious that Plaintiff was a part of a limited group of individuals, but not the entire general public.

106. Plaintiff was a member of the class of persons that the statutes or regulations were intended to protect.

---

[5] The act of 1891, P.L. 176; *Mack v. Wright et al*., 180 Pa. 472; *Venango Cnty. v. Penn Bridge Co.,* 215 Pa. 199.

[6] *Congini by Congini v. Portersville Valve Co*., 470 A.2d 515, 518 (Pa.1983); *also, Garcia v. Bang*, 544 A.2d 509, 511 (Pa. Super.1988); *Bumbarger v. Kaminsky,* 457 A.2d 552, 554 (Pa. Super.1983).

[7] *See Schlemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. 2014); *Mahan v. Am-Gard*, Inc., 841 A.2d 1052, 1058–1059 (Pa. Super. 2003); *Wagner v. Anzon*, Inc., 453 Pa. Super. 619, 684 A.2d 570, 574 (1996).

107. As described in this Complaint, Defendant violated at least several applicable statutes, regulations, and/or provisions of law, such as multiple violations of the state, city, and federal laws referenced in this Complaint, including but not limited to violations of 42 Pa. C.S. § 8309 (civil rights violations); 18 Pa.C.S. § 2701 et seq. (assault by intimidation); 18 Pa.C.S. § 2709 (harassment); 18 Pa.C.S. § 2710 (ethnic intimidation).

108. All laws and regulations that Defendants violated were enacted for safety and protection reasons and are applicable to Plaintiff, where Plaintiff belongs to the class that was intended to be protected by the regulations and laws.

109. Defendant's violations of laws and regulations caused the described injuries and damages to Plaintiff and Defendant's violations of statutes and regulations were the direct and/or proximate cause of Plaintiff's injuries and torts inflicted upon Plaintiff.

110. As a direct and proximate result of Defendants' conduct, actions, or inactions, Plaintiff has suffered and continues to suffer injuries, losses, and deprivation of his rights guaranteed by law.

111. As a result of Defendant's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described

activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

## COUNT VI
## Negligent Infliction of Emotional Distress

112. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

113. As described in this Complaint, Defendant negligently and recklessly inflicted to Plaintiff physical sickness, related emotional distress, and severe emotional and psychological trauma.

114. Defendant owed Plaintiff a duty of care under the circumstances, Plaintiff was subjected to an impact; Plaintiff was in a zone of danger and reasonably experienced a fear of impending injury. Furthermore, Plaintiff personally observed a tortious injury inflicted to him.

115. There was an existence of a duty and obligation recognized by law, requiring Defendant to conform to a certain standard of conduct, including but not limited to compliance with all laws and regulations and to exercise reasonable care.

116. Defendant breached a legal duty to act in a reasonable way and Defendant failed to exercise reasonable care when he failed to comply with all laws and regulations.

117. Defendant failed to uphold the established duty of care for the situation and Defendants failed to act in a reasonable way to avoid reckless behavior that could be reasonably expected to cause injuries to Plaintiff.

118. Defendant's breach of required duties and obligations caused the harm and actual losses and damages inflicted to Plaintiff.

119. As a result of the described Defendant's acts, Plaintiff has lost trust, he feels like the target of intentional discrimination; and feels ridiculed, isolated, and embarrassed.

120. As a direct and proximate result of Defendant's conduct, actions, or inactions, Plaintiff was subjected to injuries, harms and losses that were directly inflicted by Defendant.

121. Plaintiff has been severely traumatized, physically and psychologically, suffered and continues to suffer from personal physical sickness and mental anguish therefrom; severe emotional distress and psychological trauma, grief, humiliation, apprehension, alienation, loss of enjoyment of life, reduced quality of life, injury to his health, and many other harms and damages, as described and applicable.

122. Since the incident in question, Plaintiff has been struggling to overcome the aforementioned injuries on his own, but without any success.

123. As a direct, proximate, and legal result of the acts performed by Defendant, Plaintiff has suffered and continues to suffer from harm and damages, and therefore is entitled to recover all damages from Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

## COUNT VII

### Intentional Infliction of Emotional Distress

124. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

125. As described in this Complaint, Defendant Wakefield intentionally, maliciously, and recklessly inflicted emotional distress and emotional trauma to Plaintiff by intentionally using defamatory, false, humiliating, and extremely scandalous statements made in writing and intentionally disseminated such statements to numerous third parties with intent to harm Plaintiff.

126. Defendant's conduct was extreme and outrageous, intentional and reckless, and caused severe emotional distress to Plaintiff.

127. The conduct of Defendant was extremely outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and was utterly intolerable. Plaintiff suffered harm due to the defendant's outrageous conduct.

128. At the time when Defendant owed Plaintiff a duty of care, Defendant's conduct is the type that cannot be tolerated in a civilized society. Defendant knew or should know that his conduct was outrageous, extreme, and hurtful.

129. Defendant's conduct was outrageous and in reckless disregard for Plaintiff's feelings, dignity, or fundamental rights as a human being.

130. Plaintiff was in the zone of danger of Defendant's tortious and intolerable conduct.

131. Defendant intentionally used abusive or insulting language; the language used was unreasonable and outrageous.

132. Defendant knew or should know that the language used by Defendant would likely result in illness to the injured Plaintiff, who suffered severe emotional distress as a result of the Defendant's words.

133. Defendant's conduct was outrageous and in reckless disregard for Plaintiff's feelings, dignity, or fundamental rights as a human being.

134. As a result of Defendant's acts, the injured Plaintiff suffered severe emotional distress as a result of the Defendant's words and has lost trust in the community. He feels like the target of discrimination, and feels ridiculed, isolated, and embarrassed.

135. As a direct and proximate cause of Defendants' negligent conduct, outrageous actions and inactions, breach of care and absence of common decency, Plaintiff has been severely traumatized, suffered and continues to suffer from injuries, mental anguish, humiliation, apprehension, severe and extreme emotional distress, grief, mental anguish, alienation, humiliation, fear, loss of enjoyment of life, reduced quality of life, injury to his dignity, injury to his health, financial losses, and many other harms and damages, as described in this Complaint.

136. Since the incident in question, Plaintiff has been struggling to overcome the aforementioned injuries on his own, but without any success. Plaintiff suffers from psychological and related physical trauma, intense headaches, shortness of breath, periods of hyperventilation, shortness of breath, frequent and recurring nightmares, sleepless nights, stress and anxiety, intense muscles' spasms, and physical and psychological pain, post-traumatic stress disorder, and multiple other symptoms, all caused by Defendant's negligent and grossly negligent conduct.

137. As a direct, proximate, and legal result of outrageous acts performed by Defendant, his conduct without due care or common decency, failure to meet the applicable standards of care and in breach of their duty to Plaintiff, Plaintiff has suffered and continues to suffer from harm and damages, and therefore is entitled to recover all damages from Defendant, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory

damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

**COUNT VIII**
**Fraud and Fraudulent Misrepresentation**

138. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

139. Defendant Wakefield performed activities that can be classified as fraud and fraudulent misrepresentation inflicted against Plaintiff.

140. It is well settled that where a false statement is made for the purpose of influencing the action of any individual to whom it may be communicated, any person sustaining injury may maintain an action against the person who made it.

141. Defendant Wakefield's intentions were not only to assault, insult, injure, and defame Plaintiff, Defendant Wakefield's behavior was also clearly demonstrating that this Defendant was intending to defraud Plaintiff when Defendant Wakefield was intentionally antagonizing the third party property appraisers by falsely claiming that, allegedly, Plaintiff is refusing to talk with the appraisers and by using the most derogatory insults against Plaintiff, so the appraisers would harm Plaintiff by overvaluing the property for taxation purposes that would result in additional financial injury to Plaintiff in form of the increased taxation; and it is exactly what happened as a

result of Wakefield's fraudulent and defamatory statements communicated to the third parties.

142. As an actual, direct, proximate, and legal result of the fraud and fraudulent misrepresentation performed by Defendant, the conduct without due care or common decency and failure to meet the applicable standards of care and in breach of their duty, Plaintiff has been severely traumatized, physically and emotionally; suffered and continues to suffer from financial, personal injuries and physical sickness, severe emotional distress and mental anguish therefrom; humiliation, apprehension, alienation, grief, loss of enjoyment of life, and many other harms and damages as described.

143. By virtue of Defendants' conduct, Defendant is liable to Plaintiff for all damages allowed under the law, including punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

## COUNT IX

### Violation of Plaintiff's Civil Rights pursuant to 42 U.S.C. § 1983

144. Plaintiff restates and incorporates herein by reference all allegations contained in all paragraphs of this Complaint, as if it fully set forth herein in their entirety and alleges further.

145. This claim is made under the Civil Rights Act, 42 U.S.C. § 1983 and charges Defendant with violating the civil rights of Plaintiff, while Defendant was state "actor" for purposes of the statute and acting under color of state and municipal laws.

146. Plaintiff had a right to communicate with municipal employee, Defendant Wakefield, without being subjected to discrimination and horrendous abuses, as described.

147. Plaintiff's expectation of the ability to communicate with municipal employees in a secure and dignified environment, and without infliction of injuries and significant abuses would be considered objectively reasonable.

148. Defendant Wakefield infringed Plaintiff's Constitutional rights as described in this Complaint.

149. Plaintiff's right of safe communication with municipal employees was severely imposed upon by municipal Defendant Wakefield acting under color of the state law when he ignored and violated all applicable municipal laws and regulations, and was abusing Plaintiff in the most intolerable manner.

150. Plaintiff is seeking damages to remedy violations of his rights secured by the free exercise clause of the First Amendment and the equal protection clause of the Fourteenth Amendment.

151. Defendant's actions were severe, pervasive and outrageous as to shock the conscience.

152. As a result of Defendant's conduct, Plaintiff suffered injuries, harm and losses, and is entitled to recover damages against Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, in the amount to be determined at trial, including but not limited to compensatory damages, special damages; compensation for all harms and injuries, including compensation for

psychological and physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; punitive damages sufficient to deter Defendant from any similar conduct; award for all current and future expenses and costs, litigation costs, court costs, reasonable attorney's fees, pre-judgment and post-judgment interest; injunctive relief precluding Defendants from conducting described activities; and for any further relief that this Honorable Court deems appropriate, necessary and proper.

**REQUEST FOR INJUNCTION**

153. This case clearly demonstrates the necessity for enjoining Defendant Wakefield from engaging in the similar tortious, illegal, and prohibited conduct as alleged in this Complaint; and irreparable harm will result if the relief is not granted.

154. Defendant, through his attorney, already expressly indicated by his behavior that he has the intention to avoid any form of liability by manipulating our legal system.

155. The activities that this injunction seeks to restrain are actionable and the right to relief is clear.

156. Defendant's wrongs are obvious and clearly demonstrated in this Complaint.

157. The requested injunction will not adversely affect the public interest and it only can increase the safety and awareness of all people, and would create an assurance that Plaintiff and other people similarly situated would not be subjected again to the same horrendous mistreatment and abuses suffered by Plaintiff.

158. Moreover, the facts of lawlessness and despicable abuses inflicted by Defendant Wakefield are the clear and obvious threat to all people that can be engaged in any form of relationship with this Defendant.

159. The requested injunction will properly restore the parties negatively affected by Defendant's conduct to victim's status as it existed immediately prior to the alleged wrongful conduct and the requested injunction is reasonably suited to abate the offending activities.

160. The requested injunction will also positively affect the public interest.

161. The requested injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages, and greater injury would result from refusing an injunction than from granting it.

162. Without injunctive relief, Defendant will continue his reckless and unlawful activities alleged herein, and Plaintiff and other members of the public will remain at unreasonable and serious safety risks as a result of Defendant's illegal, tortious, negligent, dangerous, and reckless conduct.

163. Plaintiff requests that the Court enter injunctive relief to be applied against Defendant, including but not limited to:

(a) Enjoining Defendant Wakefield and all other responsible parties from engaging in any form of the similar activities and prohibited conduct as alleged in this Complaint.

(b) Issuance of an Order prohibiting Defendant Wakefield from approaching Plaintiff at any time closer than 1,000 (one thousand) feet.

(c) Compelling Defendant Steven A. Wakefield to undergo immediate evaluation for professional competence and suitability of Defendant Wakefield to interact with citizens of the City of Philadelphia.

(d) Recommending to the Disciplinary Board of the Supreme Court of Pennsylvania a disciplinary action against Steven A. Wakefield.

(e) Compelling Defendant Wakefield to issue a Public Apology to Plaintiff and to all other people similarly affected by Defendant's conduct.

(f) The requested injunction should also include all other suitable remedies available by law.

164. Without the requested injunction, continuance of Defendants' conduct is likely to cause immediate and irreparable harm, for which even money damages would be insufficient.

WHEREFORE, Plaintiff requests that the Court enter injunctive relief to be applied against Defendant, as described above.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

(a) Empanelling a jury of Plaintiff's peers (12 jurors);

(b) Holding all involved Defendants liable, jointly and severally, and awarding Plaintiff all damages and losses, including but not limited to compensatory damages, special damages; compensation for all injuries, including compensation for physical sickness, psychological trauma, emotional distress and mental anguish; compensation for psychological and physical pain and suffering, loss of enjoyment of life; financial losses, all future medical costs on the count of traumatic experience related to Defendant's tortious, negligent, and unlawful conduct;

(c) Declaring the conduct of all Defendants to be in violation of relevant laws, and injurious to Plaintiff's civil rights;

(d) Issuing an Order awarding injunctive relief precluding all Defendants from similar activities;

(e) Enjoining all Defendants from engaging in tortious and illegal activities, and prohibited conduct as alleged in this Complaint;

(f) Awarding punitive for Defendant's conduct that no civilized society can tolerate;

(g) Awarding attorneys' fees, costs, expenses, and disbursements in this lawsuit;

(h) Awarding prejudgment and postjudgment interest to the extent permitted by law;

(i) Awarding such further relief as the Court may deem just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial (12 jurors) on all issues and claims set forth in this Complaint.

Date: September 24, 2024

Respectfully submitted,

/s/ *Sergei Kovalev*
Sergei Kovalev, Plaintiff

## VERIFICATION

I, Sergei Kovalev, verify that I am the Plaintiff in the present action and facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: September 24, 2024

/s/ *Sergei Kovalev*
Sergei Kovalev, Plaintiff

**CERTIFICATE OF SERVICE**

I, Plaintiff above stated, hereby certify that on the date indicated below a true and correct copies of the foregoing documents were submitted to the court for filing and made available to all parties through counsel of record via the Court's electronic filing system. Filed documents are available for viewing and downloading from the Court's system.

Attorneys for Defendant:
John P. Gonzales, Esq.
D. Connor Warner, Esq.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 / (215) 575-2588
jpgonzales@mdwcg.com
dcwarner@mdwcg.com

Date: September 24, 2024

/s/ *Sergei Kovalev*
Sergei Kovalev, Plaintiff

# Exhibit A

**Steven Wakefield** <Steven.Wakefield@phila.... Tue, Aug 9, 2022, 8:59 AM
to Mary, me

Mr. Kovalev,

[redacted]

[redacted] The City does not negotiate with terrorists Mr. Kovalev.

Good Day, Sir.

---

**From:** Sergei Kovalev <s14391@gmail.com>
**Sent:** Tuesday, August 9, 2022 12:27 AM
**To:** Steven Wakefield <Steven.Wakefield@Phila.gov>; Mary Kate Martin

# Exhibit B

**Steven Wakefield** <Steven.Wakefield@phila.gov> Dec 27, 2023, 10:31AM

to jpitts, me

Mr. Pitts,

Mr. Kovalev is refusing to coordinate with you directly, because he is a child.

---

**From:** jpitts allaccessappraisals.com <jpitts@allaccessappraisals.com>
**Sent:** Wednesday, December 27, 2023 10:29 AM
**To:** s14391@gmail.com <s14391@gmail.com>
**Cc:** Steven Wakefield <Steven.Wakefield@Phila.gov>
**Subject:** Tax Appeal Appraisals

# Exhibit C

**Raja P. Waran, MAI, CRE**
Senior Managing Director
**Integra Realty Resources**
1515 Market Street Suite 800, Philadelphia, PA 19102
T 610.238.0238 ext. 1 | C 215.498.2976
rwaran@irr.com | www.irr.com/philadelphia | IRR Viewpoint

---

**From:** Steven Wakefield <Steven.Wakefield@Phila.gov>
**Sent:** Wednesday, December 27, 2023 10:38 AM
**To:** Raja Waran <rwaran@irr.com>
**Subject:** two new reports

Raja

[redacted] Also the owner is being a dick. Its sergei kovalev if you remember him.

Steven A. Wakefield, Esquire
Senior Attorney
Tax Unit

# Exhibit D

**Raja P. Waran, MAI, CRE**
Senior Managing Director
**Integra Realty Resources**
1515 Market Street Suite 800, Philadelphia, PA 19102
T 610.238.0238 ext. 1 | C 215.498.2976
rwaran@irr.com | www.irr.com/philadelphia | IRR Viewpoint

---

**From:** Steven Wakefield <Steven.Wakefield@Phila.gov>
**Sent:** Wednesday, December 27, 2023 11:00 AM
**To:** Raja Waran <rwaran@irr.com>
**Subject:** [redacted]

[redacted] He won't speak to you because he is an infant.

[redacted]

---

**From:** Raja Waran <rwaran@irr.com>
**Sent:** Wednesday, December 27, 2023 10:59 AM
**To:** Steven Wakefield <Steven.Wakefield@Phila.gov>