**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SERGEI KOVALEV** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 24-5474** |
| | : | |
| **STEVEN A. WAKEFIELD, DOES 1-5** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                    **November 7, 2024**

      A Philadelphia property owner often challenges the City's appraised assessment of the value of his property used to set property taxes, as is his right. He usually interfaces with the same lawyer for the City on his challenges. Their relationship does not appear collegial. The owner pro se claims the City's lawyer called him a "terrorist" in an August 2022 email to him and attaches emails where a City lawyer described him as an "infant", "child", and a "dick" in December 2023 to third party appraisers possibly reviewing the owner's tax assessment appeal. The owner pro se sued in state court claiming the City's lawyer owes him a remedy based on a variety of Pennsylvania Law theories. He then amended to claim these emails also violated his federal civil rights. The City's lawyer removed here and moved to dismiss. We studied the federal civil rights claim after liberally interpretating the pro se allegations.

      We find the property owner did not state a civil rights claim under the First or Fourteenth Amendments. We dismiss his federal claim and decline supplemental jurisdiction over his original Pennsylvania claims. But we dismiss without prejudice to either return to state court without the federal claim or timely file a second amended Complaint here pleading a constitutional claim consistent with the facts and governing law.

I. **Alleged pro se facts**

Philadelphian Sergei Kovalev appealed the City's valuation of his Philadelphia property more than once.[1] The City's attorney Steven A. Wakefield interfaced with Mr. Kovalev during these appeals.[2] Attorney Wakefield "constantly attach[ed] himself to every property valuation appeal" involving Mr. Kovalev.[3]

*Attorney Wakefield's August 9, 2022 email to Mr. Kovalev.*

Mr. Kovalev emailed Attorney Wakefield on August 9, 2022 asking if the City would agree to a mutually acceptable reduction of the property valuation used for the City's taxation.[4] Mr. Wakefield responded the same day "the City does not negotiate with terrorists[.]"[5]

*Attorney Wakefield's December 27, 2023 emails to appraisers.*

Attorney Wakefield emailed a third party appraiser involved with Mr. Kovalev's appeal sixteen months later representing "Mr. Kovalev is refusing to coordinate with you directly, because he is a child."[6]

Attorney Wakefield emailed another third party appraiser involved with Mr. Kovalev's appeal on the same day.[7] Attorney Wakefield commented Mr. Kovalev "is being a dick. Its sergei kovalev if you remember him."[8] Attorney Wakefield emailed the second appraiser again advising Mr. Kovalev "won't speak to you because he is an infant."[9] Attorney Wakefield copied Mr. Kovalev.[10]

Mr. Kovalev now suffers from fear of City employees and distress from interactions with City employees, spasms, headaches, hyperventilation, shortness of breath, insomnia, nightmares, physical pain, and post-traumatic stress disorder.[11]

## II. Analysis

Mr. Kovalev pro se sued Attorney Wakefield and Does 1–5 almost nine months after the December 2023 emails under Pennsylvania Law.[12] He later amended to claim Attorney Wakefield violated his rights under the First Amendment's Free Exercise Clause and the Fourteenth Amendment's Equal Protection Clause. Mr. Kovalev also appears to possibly assert claims against Attorney Wakefield for violating his procedural due process rights under the Fourteenth Amendment and for violating his First Amendment rights through retaliation for exercising his ability to appeal City valuations.[13] Mr. Kovalev seeks money damages, punitive damages, an injunction, and attorneys' fees.

Attorney Wakefield now moves to dismiss the claims against him.[14] He argues Mr. Kovalev has not pleaded a constitutional violation as a basis for his civil rights claim under either the Free Exercise Clause or the Equal Protection Clause. We agree and find Mr. Kovalev has not expressly or impliedly pleaded a constitutional violation.

We need not address Mr. Wakefield's challenges to the state law claims because we decline to exercise supplemental jurisdiction upon finding Mr. Kovalev does not plead federal claims.

### A. Mr. Kovalev does not state a claim against Attorney Wakefield for violating his First or Fourteenth Amendment rights.

Mr. Kovalev seeks to bring a section 1983 claim against Attorney Wakefield for violating Mr. Kovalev's First Amendment Free Exercise rights and Mr. Kovalev's right to equal protection under the Fourteenth Amendment.

Congress, in section 1983, allows persons with constitutional claims to seek relief in federal court.[15] Mr. Kovalev must allege Attorney Wakefield violated " a right secured by the Constitution and laws of the United States" as "a person acting under color of state law" to state a claim under section 1983.[16] "A defendant in a civil rights action must have personal involvement in the alleged

3

wrongs" to be liable.[17] Attorney Wakefield argues Mr. Kovalev does not plead a constitutional violation. We agree.

### 1. Mr. Kovalev does not allege Attorney Wakefield violated his First Amendment Free Exercise rights.

Mr. Kovalev alleges Mr. Wakefield violated the Free Exercise Clause by insulting Mr. Kovalev to third parties. The Framers provided in the First Amendment "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof . . . ."[18] The protections in the Bill of Rights, including the Free Exercise clause, are made applicable to state actors through the incorporation doctrine under the Fourteenth Amendment.[19]

The Free Exercise Clause "protects not only the right to harbor religious beliefs inwardly and secretly" but also "the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life through 'the performance of (or abstention from) physical acts.'"[20] The Clause offers no protection when a law or government action is "neutral" and "generally applicable," and "burdens religious conduct only incidentally."[21] But strict scrutiny applies when the law or government action is neither neutral nor generally applicable, and "the burden on religious conduct violates the Free Exercise Clause unless it is narrowly tailored to advance a compelling government interest."[22]

Mr. Kovalev does not plead a religious belief or religious activity. Mr. Kovalev does not plead a Free Exercise Clause violation. We dismiss Mr. Kovalev's First Amendment Free Exercise Clause claim without prejudice.

### 2. Mr. Kovalev does not allege Attorney Wakefield deprived him of equal protection under the Fourteenth Amendment.

Mr. Kovalev alleges Mr. Wakefield violated the Equal Protection Clause by insulting Mr. Kovalev to third parties. Under the equal protection clause, no state shall "deny to any person within its jurisdiction the equal protection of the laws."[23] "Traditionally, establishing a prima facie

4

case of discrimination under the Equal Protection Clause required plaintiffs to 'prove that they were members of a protected class.'"[24]

Mr. Kovalev must first allege being a member of a reasonably identifiable group. He briefly alleges Mr. Wakefield perceived him differently because of his accent.[25] An accent alone is not a recognized group, and Mr. Kovalev did not allege his ethnicity, national, race, or color.[26] It remains unclear whether the accent relates to, for example, race, nationality, region, or health.

An individual who is not a member of a protected class may bring a "class of one" equal protection claim.[27] We liberally construe Mr. Kovalev's claim as a "class of one" Equal Protection claim because Mr. Kovalev alleges Attorney Wakefield singled him out for harassment.[28] Mr. Kovalev may state a "class of one" equal protection claim by swearing "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."[29] But Mr. Kovalev cannot state a claim based on his present vague and conclusory allegations. Mr. Kovalev does not allege facts to identify "similarly situated" persons, why they are similarly situated, or how they were treated differently.[30] Nor does he allege they acted without a rational basis for any difference in his treatment.

We dismiss Mr. Kovalev's Fourteenth Amendment Equal Protection claim without prejudice.

### 3. Mr. Kovalev does not allege an implied First Amendment Retaliation claim.

Mr. Kovalev alleges Attorney Wakefield insulted Mr. Kovalev to encourage third party appraisers on December 27, 2023 so they would overvalue Mr. Kovalev's property and presumably increase Mr. Kovalev's tax burden. Mr. Kovalev alleges this confrontational relationship developed over the years as a result of Mr. Kovalev's appeals of the City's valuations of his property.

5

The First Amendment protects individuals from retaliatory actions for engaging in protected speech.[31] Mr. Kovalev must allege: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.[32]

As to the first element, Mr. Kovalev's appraisal appeal is a constitutionally protected activity. The Free Speech Clause protects personal expression: "both expression generally and expression directed towards the government for the specific purpose of asking it to right a wrong."[33] Mr. Kovalev alleges the first element when he states he appealed the City's appraisal of his property's value.

The second element—whether Mr. Kovalev suffered an adverse action—calls for a case-specific analysis. To prove that the state actor's action is sufficiently adverse, Mr. Kovalev must show "a similarly situated person of ordinary firmness reasonably would be chilled by the government conduct in light of the circumstances presented in the particular case."[34] "The nature of the alleged retaliatory acts has particular significance where the public official's acts are in the form of speech" because "a public official's own First Amendment speech rights are implicated."[35] "Thus, where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory."[36]

Mr. Kovalev suggests Mr. Wakefield intended to harm Mr. Kovalev by antagonizing third party appraisers on December 27, 2023 to overvalue Mr. Kovalev's home, but he does not go so far as to allege an overvaluation. Mr. Kovalev simply asserts Attorney Wakefield insulted him

which could have impacted the third party appraisers' perception of his appeal and their determinations when appraising his property. He does not allege they in fact appraised his property.

We do not reach the third element having found Mr. Kovalev does not plead the second. Mr. Kovalev does not sufficiently plead a First Amendment Retaliation claim.

### 4. Mr. Kovalev does not allege Attorney Wakefield violated his substantive due process rights under the Fourteenth Amendment.

Mr. Kovalev alludes to a theory Attorney Wakefield may have violated his substantive due process rights by characterizing Attorney Wakefield's behavior on August 9, 2022 and December 27, 2023 as "shock[ing] the conscience."[37] "Substantive due process is a component of the Fourteenth Amendment that protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them."[38] "[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'"[39] "[N]ot all property interests worthy of procedural due process protection are protected by the concept of substantive due process."[40] The interest at issue must be "fundamental" under the United States Constitution.[41]

Mr. Kovalev does not plead a fundamental interest in support of his substantive due process claim. "Mere defamation or harm to reputation is . . . outside the scope of substantive due process protection."[42] We dismiss Mr. Kovalev's claim for reputational injury under the substantive due process clause without prejudice.

### B. We decline to exercise supplemental jurisdiction over Mr. Kovalev's state law claims.

Mr. Kovalev does not assert a federal civil rights claim under section 1983. He also alleges a variety of Pennsylvania state law claims. But we lack subject matter jurisdiction over those

claims unless we exercise our discretion to retain supplemental jurisdiction at this early stage. We may consider our supplemental jurisdiction *sua sponte*.[43] Congress allows us to exercise supplemental jurisdiction over state law claims where the state law claims "form part of the same case or controversy under Article III."[44] But Congress empowers us to decline exercising supplemental jurisdiction over state law claims if we dismissed "all claims over which [we] ha[ve] original jurisdiction."[45] We decline to exercise supplemental jurisdiction absent a federal question. We need not address Attorney Wakefield's challenges to the state law claims.

### III. Conclusion

We grant Attorney Wakefield's motion to dismiss (notwithstanding his unprofessional emails demeaning to our City's taxpayers) without prejudice to Mr. Kovalev. Mr. Kovalev must now choose whether to proceed in state court on his timely Pennsylvania law theories alone or timely amend to plead facts allowing us to plausibly infer a federal civil rights claim within our limited jurisdiction.

---

[1] ECF 1-4, amended Complaint ¶ 16.

[2] *Id.* ¶¶ 16–17.

[3] *Id.* ¶ 17.

[4] *Id.* ¶ 29.

[5] *Id.* ¶ 30 & Exhibit A.  Mr. Kovalev swears he is not a terrorist. *Id.* ¶¶ 31–32

[6] *Id.* ¶ 33 & Exhibit B. Mr. Kovalev swears he is well educated and did not refuse to work with the appraiser. *Id.* ¶¶ 34–36. Mr. Kovalev further swears Attorney Wakefield attempted to defraud Mr. Kovalev by intentional antagonizing a third party property appraiser to overvalue Mr. Kovalev's property for taxation purposes. *Id.* ¶ 36.

[7] *Id.* ¶ 38.

[8] *Id.* & Exhibit C.

---

[9] *Id.* ¶ 39 & Exhibit D.

[10] *Id.* ¶¶ 42–43. Mr. Kovalev swears Attorney Wakefield sent the December 27, 2023 emails to induce appraisers to overvalue his home. *Id.* ¶ 43.

[11] *Id.* ¶¶ 44–46.

[12] Mr. Kovalev claims Attorney Wakefield is liable under Pennsylvania Law for abuse of process, defamation, defamation per se, defamation by implication, Pennsylvania Civil Rights violations, ordinary negligence, negligence per se, negligent infliction of emotional distress, intentional infliction of emotional distress, fraud, and fraudulent misrepresentation. *Id.* ¶¶ 53–143.

We construe Mr. Kovalev's pro se pleadings liberally at the direction of our Court of Appeals. *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009). "A document filed pro se is to be 'liberally construed' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999). But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

[13] Attorney Wakefield timely removed Mr. Kovalev's amended Complaint based on this federal civil rights claim. ECF 1.

[14] The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of*

---

*Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[15] 42 U.S.C. § 1983.

[16] *West v. Atkins,* 487 U.S. 42, 48 (1988).

[17] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[18] U.S. CONST. Amend. I.

[19] *See Timbs v. Indiana*, 586 U.S. 146, 150 (2019) ("With only 'a handful' of exceptions, this Court has held that the Fourteenth Amendment's Due Process Clause incorporates the protections contained in the Bill of Rights, rendering them applicable to the States.").

[20] *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 524–25 (2022); *see also Brown v. City of Pittsburgh*, 586 F.3d 263, 284 (3d Cir. 2009).

[21] *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002) (citation omitted).

[22] *Id.*

[23] U.S. CONST. Amend. XIV, § 1.

[24] *Pew v. Little*, No. 22-1488, 2024 WL 967823, at *4 (E.D. Pa. Mar. 6, 2024) (quoting *Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002)).

[25] ECF 1-4 ¶¶ 77–82.

[26] *Id.* ¶¶ 74–76.

[27] *Williams v. Sorber*, No. 23-3426, 2024 WL 263933, at *3 (E.D. Pa. Jan. 24, 2024).

[28] ECF 1-4 ¶¶ 16–18.

[29] *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

[30] *See, e.g.*, *Perano v. Twp. Of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, Perano must allege facts sufficient to make plausible the existence of such similarly situated parties.").

[31] *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)) ("'[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech.").

[32] *Thorpe v. Twp. of Salisbury, Pa.*, No. 21-04261, 2022 WL 897764, at *4 (E.D. Pa. Mar. 28, 2022) (citing *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001)), *appeal transferred*, No. 2022-1698, 2022 WL 3131840 (Fed. Cir. Aug. 5, 2022), *and aff'd*, No. 22-2448, 2023 WL 2783255 (3d Cir. Apr. 5, 2023).

[33] *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297–98 (3d Cir. 2016); *see also Van Deelen v. Johnson*, 497 F.3d 1151, 1156 (10th Cir. 2007) ("One might well . . . question the merits of [the] petitions or their significance, arising as they do from an ongoing and increasingly personal spat with County tax officials. But a private citizen exercises a constitutionally protected First Amendment right *anytime* he or she petitions the government for redress; the petitioning clause of the First Amendment does not pick and choose its causes. The minor and questionable, along with the mighty and consequential, are all embraced.").

[34] *Flynn v. Big Spring Sch. Dist.*, No. 22-00961, 2024 WL 4244832, at *8 (M.D. Pa. Sept. 19, 2024) (cleaned up).

[35] *Bartley v. Taylor*, 25 F. Supp. 3d 521, 532 (M.D. Pa. 2014) (quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686–88 (4th Cir. 2000)) (cleaned up).

[36] *Id.*; *see also id.* at 532–33 (collecting cases).

[37] ECF 1-4 ¶¶ 151–52.

[38] *Nekrilov v. City of Jersey City*, 45 F.4th 662, 680 (3d Cir. 2022) (citations and quotations omitted) (cleaned up).

[39] *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (citation omitted).

[40] *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000).

[41] *Barnett v. Penn Hills Sch. Dist.*, 705 F. App'x 71, 74 (3d Cir. 2017) (citation omitted).

[42] *Ostrowski v. D'Andrea*, No. 14-429, 2015 WL 10434888, at *5 (M.D. Pa. Aug. 11, 2015) (citing *Paul v. Davis*, 424 U.S. 693, 713 (1976) and other cases); *see also Hill*, 455 F.3d at 234 n.12 (reasoning plaintiff's claim fails because reputational injury is not enough to support substantive due process claim).

---

[43] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[44] 28 U.S.C. § 1367(a).

[45] *Id.* § 1367(c)(3).